UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BILLY RAY MARTIN,

        Petitioner,

                                        Civil No. 04-CV-10151-BC

v.                                              Honorable David M. Lawson

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Billy Ray Martin, a state prisoner confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, the petitioner challenges his convictions for one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2); one count of assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84; one count of unlawful taking possession of and driving away an automobile, Mich. Comp. Laws § 750.413, and one count of possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b, contending that the state trial court failed to instruct the jury on the offense of receiving or concealing stolen property as a lesser included offense of home invasion. The respondent has filed an answer to the petition. The Court finds that the petitioner's claim is not cognizable upon federal habeas review and otherwise lacks merit. The Court, therefore, will deny the petition.

I.

The petitioner's convictions arise from a home invasion, assault, armed robbery, and motor vehicle theft that occurred in Saginaw County, Michigan during the early morning hours on March 16, 1998. The Michigan Court of Appeals described the relevant facts as follows:

> The evidence at trial showed that an intruder broke into the victim's house, assaulted the victim, stole several items including two rifles, and then drove away in the victim's truck. The victim was unable to identify his assailant, stating that, although defendant resembled the intruder, the victim did not clearly see the individual's face during the incident. Other evidence established that defendant asked an acquaintance to hold the stolen rifles shortly after the incident. Additional items belonging to the victim were subsequently discovered during a search of defendant's residence.
>
> The trial court instructed the jury on the lesser included offenses of unarmed robbery and felonious assault, but declined defendant's request that the jury be instructed on the offense of receiving or concealing stolen property, MCL § 75.535; MSA 28.803, as a lesser included offense of home invasion.

*People v. Martin*, No. 218640, 2001 WL 727042, *1 (Mich. Ct. App. Feb. 23, 2001).

The jury returned guilty verdicts on the charged offenses. The trial court subsequently sentenced the petitioner as a fourth habitual offender to four concurrent terms of life imprisonment on the home invasion, assault, armed robbery, and unlawful driving away of an automobile convictions and a consecutive term of two years imprisonment on the felony firearm conviction.

The state court of appeals initially reversed the petitioner's convictions and remanded the case for a new trial. *See People v. Martin*, No. 218640, 2001 WL 727042 (Mich. Ct. App. Feb. 23, 2001). The Michigan Supreme Court, however, vacated the judgment of the Michigan Court of Appeals and remanded the case for reconsideration under a recent state law case revamping the rules governing jury instructions on lesser included offenses under state law. *See People v. Martin*, 467 Mich. 883, 653 N.W.2d 402 (2002). On remand, the court of appeals concluded that the trial court did not err in refusing to instruct the jury on the lesser offense of receiving or concealing stolen

property. *See People v. Martin*, No. 218640, 2002 WL 31951324 (Mich. Ct. App. Dec. 6, 2002). The state supreme court subsequently denied leave to appeal. *See People v. Martin*, 469 Mich. 861, 666 N.W.2d 672 (2003).

The petitioner's timely-filed habeas application alleges the single claim that the trial court erred by refusing to instruct the jury on the cognate lesser included offense of receiving or concealing stolen property, thereby denying his rights to due process of law and trial by an impartial jury. This claim was presented to the Michigan appellate courts. The respondent opposes the petition and contends that the petitioner's claim is not cognizable upon habeas review.

II.

The petitioner's claim is reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). This Act "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). The AEDPA applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because the petitioner's application was filed after that date, the provisions of the AEDPA, including the amended standard of review, apply to this case.

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *See Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. at 521 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)) (internal quotes omitted). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) ("All factual findings by the state court are accepted by this Court unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 409, 410-11. *See also Dorchy v. Jones*, 398 F.3d 783, 787-88 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

The petitioner asserts that he is entitled to habeas relief because the state trial court failed to instruct the jury on the lesser offense of receiving or concealing stolen property as requested by defense counsel during trial. Under Michigan law, the offense of receiving or concealing stolen property is a cognate lesser included offense of home invasion. *See People v. Kamin*, 405 Mich. 482, 496, 275 N.W.2d 777 (1979), *overruled in part on other grounds by People v. Beach*, 429 Mich. 450, 418 N.W.2d 861 (1988), *as recognized in People v. Hendricks*, 446 Mich. 435, 448 n.18, 521 N.W.2d 546 (1994). The respondent contends that the petitioner's jury instruction claim is not cognizable upon habeas review and lacks merit. This Court agrees.

The United States Supreme Court has declined to decide whether the Due Process Clause requires state courts to give jury instructions on lesser-included offenses in non-capital cases. *Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980) (holding that the death penalty may not be imposed for

a capital offense if the jury was not permitted to consider a verdict on a lesser included non-capital offense that would have been supported by the evidence). Although in *Hopper v. Evans*, 456 U.S. 605, 611 (1982), the Court ruled that a capital defendant is entitled to a lesser included offense instruction when there is evidence to support it, more recently, the Supreme Court held that state courts are not constitutionally required to instruct juries in capital cases on crimes that are not lesser included offenses of the charged crime. *Hopkins v. Reeves*, 524 U.S. 88, 90-91 (1998).

The United States Court of Appeals for the Sixth Circuit has interpreted *Beck* to mean that "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990) (en banc)); *see also Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002); *Adams v. Smith*, 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003). Even in capital cases, there is no constitutional right to a jury instruction if the requested charge does not satisfy the legal definition of a lesser-included offense, *see Hopkins*, 524 U.S. at 90-91, and, by definition, cognate offenses such as receiving or concealing stolen property do not meet the definition of lesser-included offenses because they are "related and hence 'cognate' in the sense that they share several elements, and are of the same class or category, but may contain some elements not found in the higher offense." *People v. Bailey*, 451 Mich. 657, 668, 549 N.W.2d 325 (1996) (quoting *People v. Jones*, 395 Mich. 379, 387, 236 N.W.2d 461 (1975); *see also United States v. Colon*, 268 F.3d 367, 373 (6th Cir. 2001).

There are, no doubt, some cases in which the failure to give a properly requested instruction informing the jury of the possibility of guilt of a lesser included offense may deprive the defendant of the right to present a defense. Enforcing state law rules under such circumstances could result

in the denial of constitutional rights. *Cf. Rock v. Arkansas*, 483 U.S. 44 (1987); *Chambers v. Mississippi*, 410 U.S. 284 (1973). The petitioner has not presented such a case here on the present record, however. The state supreme court has prescribed the latest rules governing jury instructions in terms of the definition of certain crimes under state law. *See People v. Cornell*, 466 Mich. 335, 354-55, 646 N.W.2d 127 (2002). The State may define the conduct it intends to punish as criminal and prescribe punishments. *Payne v. Tennessee*, 501 U.S. 808, 824 (1991) (stating that "[u]nder our constitutional system, the primary responsibility for defining crimes against state law, fixing punishments for the commission of these crimes . . . rests with the States . . . subject to the overriding provisions of the United States Constitution"); *see also Whalen v. United States*, 445 U.S. 684, 689 (1980) (noting that under "our federal constitutional framework the legislative power, including the power to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them, resides wholly with the Congress"). The decision that the crime of receiving stolen property was not a lesser included offense of the crime of home invasion under Michigan law is a determination entitled to deference on habeas review, since state courts are the final arbiters of state law. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

The Court concludes that the petitioner does not have a federal constitutional right to a jury instruction on the cognate lesser included offense of receiving or concealing stolen property in his trial for home invasion. Therefore, he is not entitled to federal habeas relief on the sole claim raised in his petition. Moreover, the petitioner has not shown that the Michigan appellate court's determination that the requested instruction was not required under state law was erroneous, or that the decision otherwise conflicts with United States Supreme Court precedent, or constitutes an unreasonable application of federal law or the facts. Habeas relief is not warranted in this case.

III.

The decision of the Michigan appellate court was not contrary to nor an unreasonable application of federal law as determined by the United States Supreme Court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson

DAVID M. LAWSON

United States District Judge

Dated: October 14, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 14, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS